O

# United States District Court
# Central District of California

GUY LEE WEST,

                  Plaintiff,

   v.

COSTCO WHOLESALE CORPORATION et al.,

                  Defendants.

Case № 2:25-cv-11720-ODW (RAOx)

**ORDER DENYING MOTION TO REMAND [11]**

## I.  INTRODUCTION

Plaintiff Guy Lee West filed this premises liability and general negligence action in state court against Defendant Costco Wholesale Corporation.  (Notice Removal ("NOR") Ex. A ("Compl."), Dkt. No. 1-1.)  More than seven months later, Costco removed the action to this Court based on diversity jurisdiction.  (NOR ¶ 4, Dkt. No. 1.)  West now moves to remand the action on the grounds that Costco's removal is procedurally defective.  (Mot. Remand ("Motion" or "Mot."), Dkt. No. 11.) For the following reasons, the Court **DENIES** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND

On May 8, 2025, West initiated this action against Costco in state court asserting claims for premises liability and general negligence.  (Compl. ¶¶ 10–25.)  According to Costco, the Complaint discloses neither West's citizenship nor the amount in controversy.  (NOR ¶ 3.)  In his Complaint, West alleges that he resides in California.  (*Id.* ¶ 1.)  He seeks general damages for medical treatment and care, loss of income, and lost capacity to earn income, but does not specify the amount of damages he is seeking.  (*Id.*, Prayer for Relief.)

On June 20, 2025, Costco answered the Complaint in state court and filed a cross-complaint against West.  (NOR Ex. B ("Answer"), Dkt. No. 1-2; *id.* Ex. C ("Cross-Complaint"), Dkt. No. 1-3.)  That same day, Costco propounded written discovery upon West, but West did not respond until December 8, 2025.  (NOR ¶ 3; *Id.* Ex. D ("West Resp."), Dkt. No. 1-4.)  Two days later, Costco removed the action to this Court under 28 U.S.C. § 1332, asserting that complete diversity of citizenship exists and that the amount in controversy is $123,417.  (NOR ¶¶ 5–7, 11.)

West now moves to remand this case, arguing that Costco's removal was untimely and procedurally defective.  (Mot.)

## III.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court.  Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizens (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When a case is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." *Marquardt v. Blue Jay Transit, Inc.*, No. 2:26-cv-00444-CAS (SKx), 2026 WL 809719, at *3 (C.D. Cal. Mar. 23, 2026). Removal for lack of jurisdiction under § 1332(a) is strictly construed, and any doubt as to removal is to be resolved in favor of remand. *Id.* at 773–74.

## IV.    DISCUSSION

West moves to remand and argues that Costco's removal was untimely and that Costco waived its right to remove. (Mot. 4–5.)

### A.    Timeliness of Removal

West argues that Costco's removal was untimely because Costco removed the case more than thirty days after Costco received notice of removability. (*Id.* at 4.)

Under 28 U.S.C. § 1446(b), there are two thirty-day periods for removing a case. "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (citation modified). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting 28 U.S.C. § 1446(b)). The removal clock under the second pathway starts only if the amended pleading, motion, order, or other paper makes a ground for removal "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093–94 (9th Cir. 2021).

3

*1.    First Thirty-Day Removal Period*

West argues that Costco's failure to timely remove within the first thirty-day window renders the removal untimely and procedurally defective.  (Mot. 4.)  Costco contends that it could not ascertain diversity jurisdiction within the first thirty-day removal period because West's Complaint did not reveal his citizenship and the amount in controversy.  (Opp'n 3–4, Dkt. No. 12.)

"The ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695–96 (9th Cir. 2005).  The first thirty-day deadline "comes into play only if removability is ascertainable 'from examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.'"  *Carvalho*, 629 F.3d at 886 (quoting *Harris*, 425 F.3d at 694).

For purposes of complete diversity, the state where an individual "resides with the intention to remain" is presumptively considered to be their state of citizenship.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).   "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).  The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not contain evidentiary submissions.  *Id.* at 89, 95.   Under California law, personal injury complaints must comply with California Civil Procedure Code § 425.10(b), which provides that "where an action is brought to recover actual or punitive damages for personal injury . . . the amount demanded shall not be stated."  *Damele v. Mack Trucks, Inc.*, 219 Cal. App. 3d 29, 40 (1990) (noting that § 425.10(b) was designed to "protect defendants from adverse publicity resulting from inflated demands").

Here, West alleges that he "is now and at all times mentioned in th[e] Complaint a resident of California."  (Compl. ¶ 1.)  The Complaint thus created a presumption that West is a citizen of California.  *Kanter*, 265 F.3d at 857.  Costco learned of this on

4

May 20, 2025, when it accepted service of the Complaint. (NOR ¶ 1.) Therefore, the Complaint revealed sufficient information about the parties' citizenship for Costco to ascertain complete diversity of citizenship within the first thirty-day window.

As to the amount in controversy, West pleads damages generally, (Compl., Prayer for Relief), and given the nature of West's claims, the Complaint does not affirmatively state the amount demanded pursuant to California Civil Procedure Code § 425.10(b). Without subjective knowledge or further inquiry, Costco could not have ascertained the amount in controversy within the "four corners" of West's Complaint based on West's amorphous prayer for damages. *Carvalho*, 629 F.3d at 886.

Thus, the Court finds that Costco lacked sufficient notice of the action's removability during the first thirty-day removal period.

### 2. Second Thirty-Day Removal Period

West does not address the second thirty-day removal window under 28 U.S.C. § 1446(b)(3). (*See generally* Mot.; Reply, Dkt. No. 13.) By failing to engage with that alternative basis for timeliness of removal, West has waived the argument. *See Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (holding that arguments not raised are waived).

Costco argues that it could only ascertain removability until December 8, 2025, when West finally responded to Costco's interrogatories. (Opp'n 4–5.) The Court finds that this argument is dispositive.

The removal clock under the second thirty-day removal period starts only if the amended pleading, motion, order, or other paper makes a ground for removal "unequivocally clear and certain." *Dietrich*, 14 F.4th at 1093–94. The defendant need not have "subjective knowledge" and does not have "a duty to make further inquiry." *Harris*, 425 F.3d at 694.

Here, Costco could not have ascertained the amount in controversy until West responded to Costco's interrogatories. As discussed above, in his Complaint, West pleads damages generally and does not state a specific damages amount. It was not

until December 8, 2025, when West responded to Costco's written interrogatories, that Costco could have ascertained the amount in controversy. In his response, West provided specific damages amounts resulting from his healthcare costs and loss of monthly income. (*See generally* West Resp.) Based on this information, Costco was able to ascertain the amount in controversy. Thus, the relevant thirty-day removal period began to run on December 8, 2025. As Costco removed this action to this Court two days later, and because West fails to argue that another paper made the amount in controversy "unequivocally clear and certain." *Dietrich*, 14 F.4th at 1093–94, the Court finds that Costco's removal was timely under 28 U.S.C. § 1446(b)(3).

**B.     Waiver of Right to Remove**

West argues that Costco waived its right to removal by taking affirmative action in state court when it filed its permissive cross-complaint. (Mot. 4–5.)

"[T]he defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest [its] intent to have the matter adjudicated there, and to abandon [its] right to a federal forum." *Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1240 (9th Cir. 1994). The waiver must be "clear and unequivocal." *Id.* A cross-complaint may constitute a sufficient waiver if the defendant "intentionally invoked the state court's jurisdiction." *Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1132 (S.D. Cal. 2002).

Here, as discussed above, Costco could not have ascertained removability until December 8, 2025, when West responded to Costco's interrogatories. (*See generally* West Resp.) Costco answered the Complaint and filed the cross-complaint against West on June 20, 2025, well before it received the requisite information to ascertain removability. (*See generally* Answer; Cross-Complaint.) As it was not yet "apparent that the case is removable" when Costco filed its cross-complaint in state court, Costco did not "waive the right to remove to federal court" and did not "abandon [its] right to a federal forum." *Bayside Devs.*, 43 F.3d at 1240. Thus, the Court finds that Costco did not waive its right to removal when it filed its permissive cross-complaint.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** West's Motion to Remand. (Dkt. No. 11.)

**IT IS SO ORDERED.**

May 6, 2026

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**